**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

UNITED STATES OF AMERICA                                          PLAINTIFF

v.        Criminal No. 07-50037-002

RONALD ANTONIO MOOREHEAD                                          DEFENDANT

**O R D E R**

Now on this 22nd day of August, 2012, comes on for consideration the following:

* defendant's **Motion For Judicial Review Of Government's Failure To File A Rule 35(b) Motion On Behalf Of Defendant** (document #85);

* the **Magistrate Judge's Report And Recommendation** ("R&R") (document #103); and

* defendant's **Objection To Report And Recommendation** ("Objection") (document #105),

and from said documents, the Court finds and orders as follows:

1. Defendant Ronald Antonio Moorehead ("Moorehead") pled guilty to one count of aiding and abetting the possession with intent to distribute 50 grams or more of crack cocaine, in violation of **18 U.S.C. § 2** and **21 U.S.C. § 841(a)(1)**. He was sentenced to 262 months' imprisonment, five years' supervised release, a $10,000 fine, and $100 special assessment.

2. Moorehead appealed his sentence, and it was affirmed. **U.S. v. Moorehead**, 337 Fed.Appx. 594 (8th Cir. 2009).

3. Moorehead then filed the motion here under consideration, pursuant to **F.R.Crim.P. 35(b)**, which provides that under certain circumstances, "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence" for the defendant's substantial assistance in investigating or prosecuting another person. Moorehead's motion contends that the government promised to file a **Rule 35(b)** motion, and is bound by that promise. He further contends that the government did not file the motion because of his race (African American) and the nature of his crime of conviction.

4. Moorehead's motion was referred to United States Magistrate Judge Erin L. Setser, who conducted an evidentiary hearing and issued the R&R now under consideration.

The facts developed by Judge Setser at the evidentiary hearing may be summarized as follows:

\* After Moorehead was incarcerated on his federal sentence, he learned of an on-going investigation involving a Carl Ross ("Ross").

\* Moorehead contacted FBI Agent Brian Tichenor ("Tichenor") and furnished Tichenor with a written statement of information that Moorehead and one Michael Brown ("Brown") could provide about drug dealings with Ross.

\* Tichenor told Moorehead that if his information was credible, he might "get something" for it, by which Moorehead

understood he might receive some reduction of his sentence. Tichenor made no promises to that effect, however.

* Tichenor passed Moorehead's statement along to Angela Jegley ("Jegley"), the prosecutor working on the Ross case. Jegley twice brought both Moorehead and Brown in for an interview to determine whether to call them as witnesses in the Ross trial, but she never actually interviewed Moorehead.

* The first time the men were brought in, the Ross trial was continued and Moorehead and Brown were taken back to prison without being interviewed.

* The second time, Jegley interviewed Brown. She did not find him credible, and as a result decided not to interview Moorehead, explaining that she considered the two men as "one person" because they had the same alleged information.

* Shortly thereafter, Ross pled guilty.

* The government did not move for any reduction in Moorehead's sentence.

5. Judge Setser analyzed the law applicable to **Rule 35(b)** motions. She noted that under both **18 U.S.C. § 3553** and **U.S.S.G. § 5K1.1**, government has "a power, not a duty," to file a motion for reduction of sentence based on substantial assistance, **Wade v. U.S., 504 U.S. 181, 185 (1992),** and that this legal principle is likewise applicable to motions under **Rule 35, U.S. v. Marks, 244 F.3d 971, 973 fn1 (8th Cir. 2001).**

Judge Setser further noted that only an unambiguous, unconditional promise to file such a motion is binding on the government, **U.S. v. Barresse**, **115 F.3d 610, 612 (8th Cir. 1997)**. No such binding promise was shown by the evidence.

Finally, Judge Setser noted that, absent such a binding promise, courts can review a government refusal to file a **Rule 35(b)** motion only if the refusal implicated the Constitution, such as by being discriminatory, arbitrary, or in bad faith. **Wade**, *supra*, **504 U.S. at 186.** Judge Setser reported that Jegley testified that she filed **Rule 35(b)** motions on behalf of three African Americans who assisted in the Ross prosecution, and that she did not file such a motion for Moorehead because she did not believe his information to be credible.

Based on the foregoing, Judge Setser found no unconstitutional motive, arbitrary decision-making, or bad faith behavior, and recommended that the pending motion be denied.

6. Moorehead objects to the R&R solely on the basis that Jegley's negative assessment of Brown's credibility should not be allowed to negatively affect her conclusions about his own credibility. This objection is without merit.

While Moorehead may have reason to disagree with Jegley's decision not to interview him, he has shown the Court nothing to

suggest that it was arbitrary[1] or made in bad faith[2].  Jegley explained that she did not believe Brown because his information was not consistent with the other information they had about the way Ross was dealing drugs.  In light of the fact that the information in question -- both as to Brown and as to Moorehead -- came from the same written statement which had been prepared by Moorehead, she cannot reasonably be faulted for concluding that, since she did not believe Brown, she did not expect to believe Moorehead either based on that same information. The Court, therefore, sees no basis to conclude that Jegley was arbitrary or acting in bad faith by deciding not to interview Moorehead.

7.  For the foregoing reasons, the Court finds that the Report And Recommendation is sound in all respects, and that it should be adopted *in toto*, and that the Objections thereto are without merit and should be overruled.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #103) is **adopted *in toto***.

**IT IS FURTHER ORDERED** that defendant's **Objection To Report And Recommendation** (document #105) is **overruled**.

**IT IS FURTHER ORDERED** that defendant's **Motion For Judicial**

---

[1] "[F]ounded on prejudice or preference rather than on reason or fact."  Black's Law Dictionary, 9th Ed.

[2] "'A complete catalogue of types of bad faith is impossible, but the following types are among those which have been recognized in judicial decisions:  evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance'."  Restatement (Second) of Contracts § 205, quoted in Black's Law Dictionary, 9th Ed.

**Review Of Government's Failure To File A Rule 35(b) Motion On Behalf Of Defendant** (document #85) is **denied**.

**IT IS SO ORDERED.**

                                           /s/ Jimm Larry Hendren
                                           **JIMM LARRY HENDREN**
                                           **UNITED STATES DISTRICT JUDGE**